# EXHIBIT A

| | |
|---|---|
| State of Illinois | ) |
|  | ) ss |
| County of St. Clair | ) |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY
## IN SUPPORT OF COMPLAINT FOR FORFEITURE

I, Michael Rehg, do hereby depose and declare under penalty of perjury the following:

At all times relevant herein, I have been a Special Agent with the Drug Enforcement Administration (DEA). The contents of this Declaration are based on information provided to me during the course of my investigation from participants in the criminal activity, from other witnesses, and from other law enforcement officers.

1. Since July of 2016 agents have been in communication with a confidential source (CS) who has provided information regarding his/her own narcotic related activities along with the activities of the individuals the CS has supplied.

2. On July 26, 2016, the CS, at the direction of agents, made a recorded telephone call to Terry RICE's cellular telephone and inquired about money owed by RICE on a drug debt. RICE stated he was $9,400 short, but hoped to have the money collected later that same day.

3. On July 27, 2016, agents met with the CS and developed a plan to meet with RICE and obtain the remaining money owed to the CS. Agents asked the CS what he/she had sold to RICE. The CS stated RICE owed the remaining balance of money for 86 pounds of marihuana. Agents asked the CS how much he/she sold the marihuana to RICE for and the CS stated $750.00 per pound ($64,500.00). The CS further stated that RICE had already paid $40,000.00, leaving the remaining balance for the marihuana at $24,500.00. Agents asked about the CS providing cocaine

to RICE and the CS stated that he/she did sell RICE one (1) kilogram of cocaine recently which RICE had already paid $37,000.00 for. The CS further stated that over approximately a one-year period he/she has supplied RICE with 6 to 7 kilograms of cocaine and over 1000 pounds of marihuana.

4. The CS, at the direction of agents, made a recorded telephone call to RICE indicating he/she was ready to meet up to collect the money RICE owed for the cocaine and marihuana the CS had distributed to RICE. RICE indicated that he would be on his way to the meet location.

5. Agents observed RICE exit the front door of a residence located on Lowell in St. Louis, Missouri and drive to another residence on Thrush Avenue in St. Louis, Missouri. The CS, at the direction of agents, again made a recorded telephone call to RICE and asked RICE how long he was going to be there. RICE indicated he had to grab the money from his mother's house. RICE exited the Thrush Avenue residence through the back door and entered his truck. Agents observed RICE drive directly to the meet location.

6. Agents observed RICE arrive at the meet location and exit his truck and enter the CS's vehicle which was equipped with recording devices. RICE was carrying a white and orange backpack when he entered the CS's vehicle. Once inside the vehicle, RICE handed the money over to the CS. RICE told the CS that he had about 20 pounds of marihuana left to sell. The CS told RICE that he/she should have additional quantities of marihuana in about a week. RICE asked when the CS would be receiving additional quantities of cocaine. RICE told the CS that he "ran through that shit," indicating that RICE quickly sold the cocaine he had earlier obtained from the CS. RICE also indicated that he had additional drug money to collect from his customers. RICE exited the vehicle without the backpack.

7. The CS left the meet location and met agents at a pre-arranged location where the CS turned over the recording devices as well as the white and orange backpack. The CS, at the direction of agents, made a recorded telephone call to RICE. The CS asked RICE if that was everything, referring to the amount of money RICE dropped off. RICE indicated he had received 86 pounds of marihuana at $750.00 a pound totaling $64,500.00. RICE went on to say he had already paid the CS $40,000.00 and had just dropped off $24,500.00. The CS agreed with the amount and the telephone call was terminated.

8. On August 10, 2016, agents acquired a federal search warrant for the residence located on Thrush Avenue in St. Louis, Missouri. Agents then met with State of Missouri Department of Corrections Probation and Parole Officer in regards to making contact with RICE during his scheduled probation meeting that morning.

9. Agents made contact with RICE at the probation office and advised RICE of the reason for the meeting and proceeded to read RICE his Miranda Rights. RICE stated he understood. Agents advised RICE that he was the target of an ongoing narcotics investigation involving cocaine and marihuana and asked if RICE wanted to cooperate. RICE stated that he understood and wanted to cooperate with agents.

10. Agents, along with RICE, proceeded to the Thrush Avenue residence to execute the search warrant. Agents entered the residence and searched for items of evidentiary value listed in the search warrant. Affiant remained with RICE who was moved inside the residence. As a result of the search agents located four loaded firearms. Agents also searched a vehicle inside the detached garage where they located six additional firearms as well as a bulletproof vest and various rounds of ammunition.

11. RICE informed agents that there was nothing else inside the Thrush Avenue residence, but indicated that he had drug money at another residence. RICE stated that he had approximately $30,000.00 located at his child's mother's residence in St. Louis. RICE's child's mother was identified as Kiara Turner. RICE also told agents that he had narcotics and a handgun at a girlfriend's residence in University City. RICE's girlfriend was identified as Imani Smith. RICE accompanied agents to Smith's residence in University City where RICE allowed agents to enter the residence to retrieve contraband. Agents seized a loaded firearm as well as a small backpack containing cocaine and heroin.

12. RICE then accompanied agents to Turner's residence in St. Louis in order for RICE to voluntarily turn over possession of the United States currency RICE had received from drug proceeds. Agents made contact with Turner, and Turner gave consent to search the residence, but stated that she had turned the currency RICE was speaking of over to his mother, Robbin Smith, the day before due to a disagreement between RICE and herself.

13. RICE made contact with his mother, Robbin Smith, via telephone in the presence of agents while utilizing the speaker function, allowing the conversation be heard by all present. RICE told Smith to retrieve the United States currency and bring it to him so he could turn it over to agents. Smith agreed and stated she would send RICE's brother, Ishmael Smith, to meet RICE with the drug proceeds. A short time later, Ishmael Smith contacted RICE via telephone, which was also broadcasted over speaker for everyone present to hear. RICE told Ishmael Smith to meet him and agents at Pick-n-Pull in St. Louis with the drug proceeds, and Ishmael Smith agreed.

14. Approximately 20 minutes later, agents along with RICE arrived at Pick-n-Pull and made contact with Ishmael Smith. Ishmael Smith turned over the undisclosed amount of United

States currency to agents. An official count of the currency was conducted and the amount of currency totaled $60,000.00.

15. RICE had also relinquished custody of an undetermined amount of cash to agents earlier in the day. RICE stated the cash was money from marihuana and cocaine he had distributed prior to his arrest by agents on the same date. An official count of the currency was conducted and the amount of currency totaled $2,075.00.

16. Based on the foregoing, declarant further believes that the subject-matter $60,000.00 in United States Currency is property which constitutes money furnished or intended to be furnished by a person in exchange for a controlled substance, or proceeds traceable to such an exchange, or money used to facilitate a violation of 21 U.S.C. § 801 *et seq.*

17. Based on the foregoing, declarant further believes that the subject-matter $2,075.00 in United States Currency is property which constitutes money furnished or intended to be furnished by a person in exchange for a controlled substance, or proceeds traceable to such an exchange, or money used to facilitate a violation of 21 U.S.C. § 801 *et seq.*

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of January, 2017.

_____
MICHAEL REHG
Special Agent
Drug Enforcement Administration